**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

APRIL GOUEDY                                                                          PLAINTIFF

v.                                          3:16CV00153-BSM-JJV

ROSE HANCOCK, Jail Administrator,
Clay County Detention Center; *et al.*                                    DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to Chief United States District Judge

Brian S. Miller.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection is

to a factual finding, specifically identify that finding and the evidence that supports your objection.

An original and one copy of your objections must be received in the office of the United States

District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.   The copy will be furnished to the opposing party.   Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before either the District Judge or

Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a  hearing is granted)

was not offered at  the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

1

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

April Gouedy ("Plaintiff") filed this action *pro se* and pursuant to 42 U.S.C. § 1983 (Doc. No. 1).  Plaintiff is a co-plaintiff in this cause of action with KrisAnn Williams.  Ms. Williams alleges her rights were violated when, on an unspecified date, she was attacked by another inmate and not immediately brought to a doctor.  (Doc. No. 1, p. 4.)  The Complaint fails to state how Ms. Gouedy's rights were violated, so I determined that additional information was required for Plaintiff to overcome the mandated screening process.  (Doc. No. 3.)  I offered Plaintiff thirty days to file an Amended Complaint.  (*Id.*)  I also warned her that if she failed to amend, her Complaint might be dismissed without prejudice. (*Id*. at 1.)

Now, in excess of thirty days have passed and Plaintiff has declined to file an Amended Complaint or otherwise respond to my Order.  Absent specific claims detailing how her constitutional rights were violated and each Defendant's alleged involvement,[1] I find that no viable claims have been asserted and this case should be dismissed on that basis.

IT IS THEREFORE RECOMMENDED that:

1.      Plaintiff's Complaint (Doc. No. 1) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

---

[1]Plaintiff shall have a final opportunity to supply this information in her objections to this recommendation, should she choose to submit any.

2.      Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

3.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis*

appeal from any Order adopting these recommendations would not be taken in good faith.

Dated this 19th day of August, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[2] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."